UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


| | | |
|---|---|---|
| BYRON LEMAN HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:12-CV-5078-G |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |


## COURT'S INSTRUCTIONS TO THE JURY


**MEMBERS OF THE JURY:**

Now that you have heard all of the evidence and the arguments of counsel, it

becomes my duty to give you the instructions of the court concerning the law

applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply

that law to the facts as you find them from the evidence in the case.  You are not to

single out one instruction alone as stating the law, but must consider the instructions

as a whole.  Neither are you to be concerned with the wisdom of any rule of law

stated by me.  Regardless of any opinion you may have as to what the law is or ought

to be, it would be a violation of your sworn duty to base a verdict upon any view of

the law other than that given in these instructions, just as it would also be a violation

of your sworn duty, as judges of the facts, to base a verdict upon anything other than

the evidence in the case.

## Both Parties Entitled to Equal Consideration

In deciding the facts of this case, you must not be swayed by bias or prejudice

or favor as to either party.  Our system of law does not permit jurors to be governed

by prejudice or sympathy or public opinion.  Both the parties and the public expect

that you will carefully and impartially consider all of the evidence in the case, follow

the law as stated in these instructions, and reach a just verdict regardless of the

consequences.

This case should be considered and decided by you as an action between

persons of equal standing in the community, and holding the same or similar stations

in life.  Corporations and all other persons are equal before the law and must be

treated as equals in a court of justice.

## Evidence, Objections, Statements of Counsel

As stated earlier, it is your duty to determine the facts, and in so doing you

must consider only the evidence I have admitted in the case.  The term "evidence"

includes the sworn testimony of the witnesses, the exhibits admitted in the record, and stipulated facts.  Stipulated facts must be regarded as proven facts.

During the course of the trial you heard objections to evidence.  It is the duty of the lawyer on each side of a case to object when the other side offers testimony or other evidence which the lawyer believes is not properly admissible under the rules of evidence.  You should not draw any inferences against a lawyer or the party he represents because of the making of an objection.  When I overrule an objection and allow testimony or other evidence to be introduced over the objections of a lawyer, I am not indicating any opinion as to the weight or effect of such evidence.  You should consider it as you would any other evidence.  On the other hand, any evidence to which an objection was sustained, and any evidence ordered stricken by the court, must be disregarded.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  If a lawyer has asked a witness a question that contains an assertion of fact, you must not consider the assertion as evidence of that fact unless the witness has affirmed or adopted it by his or her answer.  The lawyer's statements are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your

notice.  However, in the final analysis, it is your own recollection and interpretation of the evidence that controls in the case.

You are not bound by any opinion which you might think I have concerning the facts of this case, and if I have in any way said or done anything which leads you to believe that I have any opinion about the facts in this case, you are instructed to disregard it.  Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you any intimation as to what verdict I think you should find.

Although you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts established by the evidence in the case.

<u>Direct or Circumstantial Evidence</u>

A fact may be established by direct evidence or by circumstantial evidence or both.  A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence.  A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.  Direct proof of a state of mind is almost never available and is not required to prove intent.

You should not be concerned about whether the evidence is direct or circumstantial.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, it is the burden of the plaintiff to prove, by a preponderance of the evidence, all the elements of his claims.

<u>Preponderance of the Evidence</u>

In a civil action such as this, a party who asserts that certain facts exist must prove those facts by the required weight or standard of the evidence.  This obligation is known as the burden of proof.  In this case, the plaintiff has the burden of proof.  The burden is on the plaintiff in this case to prove every essential element of his claims by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely so than not so.  In other words, to establish a claim by a "preponderance of the evidence" simply means to prove that the claim is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish, by a preponderance of

the evidence, any essential element of a claim made by the plaintiff, you should find

for the defendant on that claim.

<u>Credibility of Witnesses</u>

Now, I have said that you must consider all of the evidence.  This does not

mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and

the weight to be given to that witness's testimony.  In weighing the testimony of a

witness, you should consider the witness's relationship to the plaintiff or to the

defendant; the witness's interest, if any, in the outcome of the case; the witness's

manner of testifying; the witness's opportunity to observe or acquire knowledge

concerning the facts about which the witness testified; the witness's candor, fairness,

and intelligence; and the extent to which the witness's testimony has been supported

or contradicted by other credible evidence.  You may, in short, accept or reject the

testimony of any witness, in whole or in part.

Inconsistencies or discrepancies in the testimony of a witness, or between the

testimony of different witnesses, may or may not cause you to discredit such

testimony.  Two or more persons witnessing an incident or a transaction may see or

hear it differently; and innocent misrecollection, like failure of recollection, is not an

uncommon experience.  In weighing the effect of a discrepancy, always consider

whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning an important matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

<u>Deposition Testimony</u>

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, that witness' testimony may be presented,

under oath, in the form of a deposition.  Some time before this trial, attorneys

representing the parties in this case questioned witnesses under oath.  A court

reporter was present and recorded the testimony.  The questions and answers were

presented to you during the course of the trial.  Deposition testimony is entitled to

the same consideration and is to be judged by you as to credibility, insofar as

possible, in the same manner as if the witness had been present and had testified

from the witness stand in court.

Nature of This Case

This case concerns an incident in which the plaintiff, Byron Leman Hooper,

slipped and fell in the lobby of a hotel owned by the defendant, Marriott

International, Inc.  Hooper has brought a claim for premises liability against Marriott,

claiming that he is entitled to damages as a result of injuries that he sustained in the

fall.

Stipulated Facts

The parties have agreed, or stipulated, to the following facts.  This means that

both sides agree that the facts below are true.  You must therefore treat these facts as

having been proved.

1.      Plaintiff is Byron Leman Hooper.

2.      Defendant is Marriott International, Inc.

3.      Plaintiff and co-worker, Amy West, flew to Cleveland,
        Ohio on December 13, 2010.

4.    It was snowing when plaintiff arrived in Cleveland and there was a "decent amount of snow on the ground."

5.    After arriving in Cleveland, plaintiff went to the Courtyard by Marriott hotel.

6.    There were rugs at the entrance of the lobby.

7.    Plaintiff slipped and fell as he walked past the desk and was turning towards the elevators.

8.    As a result of the fall, plaintiff injured his head and shoulder.

9.    West was walking with plaintiff when he fell.

10.   West tried to assist plaintiff after his fall.

11.   Marriott staff came over to assist plaintiff.

12.   Plaintiff did not see any pooling of water in the area where he fell.

13.   After plaintiff fell, plaintiff noticed the tile flooring where he fell was slick and appeared to be wet.

14.   Defendant admits that the floors had been dry mopped periodically on the day of plaintiff's slip and fall.

15.   There were no rugs in the area where plaintiff fell.

16.   The surface of the lobby floor was a light, cream color, and the floor appeared to be marble tile and was shiny.

17.   The area where plaintiff fell is bright and well lit.

18.   Plaintiff's past paid or incurred medical expenses total $17,692.35.

## The Plaintiff's Contentions

Hooper contends that he slipped on water that Marriott negligently left on the floor of the lobby of its hotel after mopping.  He contends that the water was difficult to see, and that there were not signs warning of the wet floor near the area where he fell. Hooper further contends that as a result of his fall, he injured his shoulder, requiring surgery.

## The Defendant's Contentions

Marriott contends that it satisfied any duty that it owed to Hooper.  Marriott contends that through its use of mats and warning signs, it adequately warned Hooper of any danger presented by tracked-in water.  Marriott further contends that any water that was present in the lobby was open and obvious, meaning that the burden was on Hooper to avoid that water.

## Jury Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way, you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

As soon as I finish giving these instructions, you will retire to the jury room.  In a few minutes, I will send to you the original of this charge and the exhibits that have been admitted into evidence.  Do not begin your deliberations until you have received these materials.  After you receive these materials from the court, you should select one of your number to act as your foreperson.  He or she will preside over your deliberations and will be your spokesperson here in court.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.  If during your deliberations you wish to communicate with the court, your message or question must be written down and signed by your foreperson.  Pass the note to the court security officer, who will bring it to me.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, that any note you might send must never state or specify your numerical division at that time.

A verdict form has been prepared for your convenience.  Answer each question from the facts as you find them.  Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

When you have reached unanimous agreement as to your verdict, have your foreperson fill in the verdict form according to the applicable instructions, date and sign it, and contact the court security officer.  Keep the verdict form and do not reveal your verdict until you are instructed to do so by the court.

January 15, 2014.

_A. Joe Fish_____
A. JOE FISH
**Senior United States District Judge**

- 12 -