UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 1 5 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| BYRON LEMAN HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:12-CV-5078-G |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |


# V E R D I C T

This verdict form contains a series of questions together with related instructions and definitions.

## Consider Damages Only If Necessary

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing

you on damages only so that you will have guidance in the event you decide that the

defendant is liable and that the plaintiff is entitled to recover money from the

defendant.

## Invitee/Business Visitor

An invitee is a person who rightfully enters on the premises of another at the

express or implied invitation of the owner and for a purpose beneficial to the owner.

## Duty

The owner of the premises owes a duty to an invitee to use ordinary care for the

invitee's safety and to keep the premises in a reasonably safe condition and to use

ordinary care to provide notice of any concealed dangers of which the owner of the

premises has knowledge, or which by using ordinary care should have been discovered.

## Open and Obvious

An owner of property owes no duty to protect invitees who enter the property

from open and obvious dangers on the property.  The open and obvious nature of the

danger itself serves as a warning to the invitees.  Invitees are expected to discover those

dangers and protect themselves.  However, there may be "attendant circumstances"

which limit the open and obvious nature of the danger.

## Attendant Circumstances

"Attendant circumstances" are factors beyond the control of the plaintiff that

contribute to proximately cause the plaintiff's injury.  The phrase "attendant

circumstances" refers to all facts relating to the event-causing injury, such as time and place, surroundings or background of the event, and any normally existing condition that would unreasonably increase the normal risk of a harmful result from the event.

If you find that attendant circumstances are present, then the open and obvious nature of the danger does not eliminate the duty of the owner to exercise ordinary care to keep the premises in a reasonably safe condition or provide notice of any dangers of which the owner has knowledge.

<u>Duty to Look</u>

The plaintiff is required to use ordinary care to discover and avoid danger. A person is negligent if he looks but does not see that which would have been seen by a reasonably prudent person under the same or similar circumstances. Furthermore, a person is negligent if he does not continue to look if, under the circumstances, a reasonably prudent person would have continued to look. However, a person is generally not required to constantly look downward while walking, unless a reasonably prudent person would have done so under the circumstances.

QUESTION NO. 1:

Has the defendant, Marriott International, Inc. proved, by a preponderance of the evidence, that even if there was water present in the lobby of its hotel which caused the plaintiff to slip and fall, that water was open and obvious?

INSTRUCTION:  Answer "Yes" or "No."

ANSWER: _____Yes_____

If you answered "Yes" to Question No. 1, continue to the next page and answer Question No. 2.  Otherwise, skip to the instructions on Page 18 and then answer Question 3.

- 16 -

**QUESTION NO. 2:**

Has Hooper proved, by a preponderance of the evidence, that there were attendant circumstances present that unreasonably increased the normal risk of harm presented by the water in the lobby of the Marriott hotel upon which Hooper slipped?

      **INSTRUCTION:** Answer "Yes" or "No."

      ANSWER: _____ no _____

If you answered "Yes" to Question No. 2, continue to the next page and then answer Question No. 3. Otherwise, skip to Question 5 and enter an award of $0.

### Negligence

Negligence is a failure to use ordinary care.  Every person is required to use ordinary care to avoid injuring another person.

### Ordinary Care

Ordinary care is the care that a reasonably careful person would use under the same or similar circumstances.

### Foreseeability

In deciding whether reasonable care was used, you will consider whether the defendant should have foreseen under the circumstances that the likely result of an act or failure to act would cause injuries.

The test for foreseeability is not whether a person should have foreseen the injuries exactly as it happened to the specific person.  The test is whether under the circumstances a reasonably careful person would have anticipated that an act or failure to act would likely cause injuries.

### Ice and Snow

The owner of the premises has no duty to remove or make less hazardous natural accumulations of ice and snow or to warn invitees who enter the premises of the inherent dangers presented by such natural accumulations.

However, if the owner of the premises attempts to remove the ice or snow, he has a duty to use ordinary care not to create a hazard or to aggravate an existing hazard.

QUESTION NO. 3:

Has Hooper proved, by a preponderance of the evidence, that Marriott was negligent regarding any water which caused Hooper to slip and fall?

<u>INSTRUCTION</u>: Answer "Yes" or "No."

ANSWER: _____

If you answered "Yes" to Question No. 3, continue to the next page and then answer Question No. 4. Otherwise, skip to Question 5 and enter an award of $0.

- 19 -

<u>Proximate Cause</u>

A party who seeks to recover for injuries must prove not only that the other party was negligent, but also that such negligence was a proximate cause of the injuries. Proximate cause is an act or failure to act that in a natural and continuous sequence directly produced the injury and without which it would not have occurred.

QUESTION NO. 4:

Has Hooper proved, by a preponderance of the evidence, that Marriott's negligence regarding the water which caused Hooper to slip and fall proximately caused his injuries?

INSTRUCTION:  Answer "Yes" or "No."

ANSWER: _____

If you answered "Yes" to Question No. 4, continue to the next page and then answer Question No. 5.  Otherwise, skip to Question 5 and enter an award of $0.

Damages

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole -- that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

- 22 -

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

**A.  Damages Accrued**:  If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages that he has suffered to date, such as medical expenses.

**B.  Injury/Pain/Disability/Loss of Capacity for Enjoyment of Life**:  You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury.  No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in the light of the evidence.

- 23 -

QUESTION NO. 5:

What sum of money, if any, would fairly and reasonably compensate

Hooper for any damages that were proximately caused by Marriott's negligence?

> **INSTRUCTION:**  Answer in dollars and cents or "none."
> Do not add any amount for interest.

ANSWER:  $_____0_____

Dated:  January 15, 2014.                 _Wendy Roberson_____
                                          FOREPERSON

- 24 -